UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Zachary Allen,                                                                  Civil No. 24-3725 (DWF/JFD)

            Plaintiff,

v.                                                                                           MEMORANDUM
                                                                 OPINION AND ORDER
Wings Credit Union,

            Defendant.

## INTRODUCTION

This action arises out of a series of contacts Defendant Wings Credit Union ("Wings") made to Plaintiff Zachary Allen ("Allen") regarding a credit card account after Allen filed for bankruptcy. In his Complaint, Allen asserts three claims: automatic stay violation under the Bankruptcy Code (11 U.S.C. § 362); discharge injunction violation under the Bankruptcy Code (11 U.S.C. § 524); and invasion of privacy. (Doc. No. 1 ("Compl.").) This matter is before the Court on Wings' motion to dismiss. (Doc. No. 8.) For the reasons set forth below, the Court grants the motion insofar as the Court refers Counts One and Two to the bankruptcy court and dismisses Count Three without prejudice.

## BACKGROUND

In the spring of 2022, Allen opened a credit card account with Wings, a credit union, and was assigned an account number ending in 4059 (the "Account"). (Compl. ¶ 7.) On April 23, 2024, Allen filed a Chapter 7 petition in the United States Bankruptcy

Court for the District of Minnesota.  (Compl. ¶ 10 (captioned *In re Zachary Michael Allen*, No. 24-bk-41077) (the "Bankruptcy Case").)[1]  Wings was included as a creditor. (*Id.* ¶ 11.)  Allen further alleges that Wings was notified of Allen's bankruptcy by the Bankruptcy Noticing Center on April 24, 2024, via email.  (*Id.* ¶ 12.)

In support of this action, Allen claims that during the pendency of the Bankruptcy Case, and despite being notified of Allen's bankruptcy protection, Wings continued to contact Allen in an effort to collect the credit card debt.  For example, Allen received credit card statements from Wings at the end of May 2024 and June 2024.  (*Id.* ¶ 16.) The May statement reminded Allen that his account was past due, and the June statement warned that a negative credit report may be submitted if Allen failed to pay.  (*Id.* ¶¶ 18, 19.)  On July 3, 2024, Allen's bankruptcy attorney sent Wings notice of Allen's bankruptcy filing via mail.  (*Id.* ¶ 20.)  Allen received a credit card statement at the end of July 2024.  (*Id.* ¶¶ 16, 21.)  On August 2, 2024, Allen's bankruptcy attorney sent another bankruptcy notice to Wings via mail.  (*Id.* ¶ 22.)  And on August 7, 2024, the Bankruptcy Court discharged Allen's Chapter 7 Bankruptcy.  (*Id.* ¶ 23.)  Notice of the discharge order was sent to Wings via email.  (*Id*. ¶ 24.)  Yet, Allen received an August 2024 credit card statement.  (*Id.* ¶ 25.)  Allen alleges that Wings failed to comply with the automatic stay by sending Allen statements and correspondence on his Account, and that after the discharge of his bankruptcy, Wings' continued communications violated the bankruptcy code's discharge injunction.  Allen alleges that he was harmed because he was "forced to

---

[1]   The Bankruptcy Case is before the Honorable Kesha L. Tanabe.

2

contact Defendant on at least six occasions via telephone . . . and one time in person to put them on notice that he should not be receiving the collection statements." (*Id.* ¶ 26.)

## DISCUSSION

Wings moves to dismiss this action for lack of subject-matter jurisdiction under Rules 12(b)(1) and 12(h)(3).[2] A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). To survive a motion under Rule 12(b)(1), the party asserting jurisdiction has the burden of proving jurisdiction. *V S Ltd. P'ship v. Dep't of Hous. & Urb. Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). "Subject-matter jurisdiction is a threshold requirement which must be assured in every federal case." *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990).

A Rule 12(b)(1) motion may challenge a plaintiff's complaint either on its face or on factual truthfulness of its averments. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990); *see also Fairview Health Servs. v. Armed Forces Off. of Royal Embassy of Saudi Arabia*, 679 F. Supp. 3d 811, 816 (D. Minn. 2023). Here, Wings brings a facial challenge to Allen's complaint. To survive a facial challenge, a complaint must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (internal quotation and citation omitted). The familiar standards of Rule 12(b)(6) apply. *See Fairview Health Servs.*, 2023 WL 4203035, at *2. Namely, a court assumes all facts in the complaint to be true and

---

[2] Rule 12(h)(3) mandates that a court dismiss an action if the court determines at any time that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court need not invoke Rule 12(h)(3) because subject-matter jurisdiction was raised by Wings via Rule 12(b)(1).

construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986); *see also Osborn*, 918 F.2d at 729 n.6. In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555.

**I.     Claims for Violations of the Bankruptcy Code**

In Counts One and Two, Allen asserts claims for violations under Title 11 of the United States Bankruptcy Code. In Count One, Allen alleges that Wings failed to comply with the automatic stay imposed by § 362 of the Bankruptcy Code. This automatic stay applies when a bankruptcy petition is filed, prohibiting further debt-collection efforts against the debtor during the pendency of the bankruptcy proceeding. 11 U.S.C. § 362. Allen alleges that Wings violated the automatic stay when it continued to send him credit card statements in an effort to collect the credit card debt after he filed for bankruptcy. In Count Two, Allen alleges that Wings violated the discharge injunction under 11 U.S.C. § 524 by continuing to send Allen statements after the bankruptcy court discharged his bankruptcy petition. Section 524 provides that one effect of a bankruptcy discharge is that it "operates as an injunction against the commencement or continuation of an action

. . . [to] recover or offset any such debt." 11 U.S.C. § 524(a)(2). Here, the bankruptcy court discharged Allen's bankruptcy on August 7, 2024. Thus, as of that date, the discharge operated as an injunction against further debt-collection activities.

The Court has jurisdiction over Allen's Title 11 Claims. *See* 28 U.S.C. § 1334 ("Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11."). However, the Bankruptcy Code allows a Bankruptcy Court to "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred [to it]," 28 U.S.C. § 157(b)(1), and it allows each district court to refer any or all such matters to the bankruptcy judges for the district. 28 U.S.C. § 157(a). Under the District of Minnesota's Local Rule of Bankruptcy Procedure 1070-1, "[a]ll bankruptcy cases and proceedings . . . are referred to the bankruptcy judges." Bankr. D. Minn. R. 1070-1. Thus, bankruptcy cases and proceedings in Minnesota are automatically referred to the district's bankruptcy court.

The issue before the Court is whether Allen's automatic stay and discharge injunction claims under the Bankruptcy Code are properly heard in bankruptcy court such that the Court should refer the claims to bankruptcy court.[3] Allen argues that there is no

---

[3] Allen disputes that the Court is *required* to refer this case to the bankruptcy court and maintains that the Court has jurisdiction. Allen also acknowledges, however, that the Court can, in its discretion, refer bankruptcy cases to bankruptcy court. 28 U.S.C. § 157(a). Allen further cites to cases where courts have recognized that discretion. *See, e.g.*, *DuBois v. Ford Motor Credit Co.*, No. 00-cv-1446, 2001 WL 423057, at *1 (D. Minn. Jan. 19, 2001) (recognizing discretionary authority and denying referral); *Barton v. Ocwen Loan Servicing LLC*, No. 12-cv-162, 2012 WL 4449860, at *9 (D. Minn. Sept. 26,

5

compelling reason to refer this case to the bankruptcy court. Allen asks the Court to enforce a statutory injunction and underscores that the case does not involve complicated questions of bankruptcy law or matters into which the bankruptcy court has particularized insight. In addition, Allen points out that the bankruptcy was discharged on August 7, 2024. For its part, Wings argues that the Bankruptcy Code, Local Rules, and persuasive legal authority support adjudicating both Counts One and Two in the bankruptcy court. In addition, because the discharge, and resulting injunction, arose from the discharge by the bankruptcy court, Wings argues that the bankruptcy court is the appropriate forum for the discharge injunction claim.

After careful review, the Court concludes that the bankruptcy court is the proper court for Allen's claims for violations of the automatic stay and discharge injunction provisions under the Bankruptcy Code. Courts in this district have held that automatic stay claims should be referred to the bankruptcy court. *See, Reinhardt v. Rent-A-Center West, Inc.*, No. 21-cv-2158, 2022 WL 161571, at *2 (D. Minn. Jan. 18, 2022) ("The bankruptcy court is the proper court for Reinhardt's Section 362(k) [automatic stay] claim. In multiple cases, courts in the district have held that such a claim should be referred to the bankruptcy court."); *Carnes v. IndyMac Mortg. Servs.*, No. 10-cv-3005, 2010 WL 5276987, at * 4 (D. Minn. Dec. 17, 2010) (same and noting that the fact that the bankruptcy was over did not alter the decision). In addition, the statutory mechanism for enforcing a § 524 discharge injunction lies in the Bankruptcy Code's § 105 contempt

---

2012) (same). Notably, both of these cases involved claims in addition to the bankruptcy claims, including separate claims under federal law.

provision. *See Taggart v. Lorenzen*, 587 U.S. 554, 559-60 (2019); *First State Bank of Roscoe v. Stabler*, 914 F.3d 1129, 1140 (8th Cir. 2019). Other circuits have recognized that the only court that may offer a contempt remedy is the court that issued the discharge order. *See, e.g.*, *Belton v. GE Cap. Retail Bank*, 961 F.3d 612, 616-17 (2d Cir. 2020); *Crocker v. Navient Sols., LLC*, 941 F.3d 206, 216-17 (5th Cir. 2019); *Alderwoods Grp., Inc. v. Garcia*, 682 F.3d 958, 970 (11th Cir. 2012); *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 509-10 (9th Cir. 2002); *Cox v. Zale Del., Inc.*, 239 F.3d 910, 917 (7th Cir. 2001). The Court agrees with the reasoning and rationale of these cases. *Accord Browder v. SouthLaw, P.C.*, No. 21-cv-0198, 2022 WL 2965781, at *2 (S.D. Iowa Apr. 29, 2022). Allen's claim arising from the discharge injunction should be adjudicated by the court that entered the injunction—the bankruptcy court.

For the above reasons, the Court concludes that Allen's automatic stay and discharge injunction claims are properly referred to the bankruptcy court.

## II.     Intrusion-Upon Seclusion Claim

Subject-matter jurisdiction over this claim exists only through the Court's exercise of supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). A district court may decline to exercise supplemental jurisdiction over state-law claims if it has dismissed all claims over which it had original jurisdiction. *See Barstad v. Murray County*, 420 F.3d 880, 888 (8th Cir. 2005) (citing 28 U.S.C. § 1367(c)(3)). While a federal district court may exercise supplemental jurisdiction, it should "exercise judicial restraint and avoid state law issues wherever possible." *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990). Typically, when federal claims are eliminated prior to trial, consideration of the relevant

7

factors—"judicial economy, convenience, fairness, comity, and predominance of state issues—typically militate against" exercising jurisdiction. *Zimmerman v. Bellows*, 988 F. Supp. 2d 1026, 1035 (D. Minn. 2013).

Here, the Court declines to exercise supplemental jurisdiction over Allen's state-law claim. Accordingly, the Court dismisses Count Three without prejudice.

## CONCLUSION

For the above reasons, the Court refers Counts One and Two to the Bankruptcy Court and dismisses Allen's state-law claim without prejudice.

## ORDER

Based upon the record before the Court, and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that:

1. Wings' Motion to Dismiss Allen's Complaint or, in the Alternative, to Refer Claims to the Bankruptcy Court (Doc. No. [8]) is **GRANTED** as follows:

    a. Counts One and Two are referred to the Bankruptcy Court.

    b. Count Three is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 13, 2025         s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge